**UNITED STATES of America, Appellee**

v.

**Troy Antoine HOPKINS, Appellant.**

No. 08–3077.

United States Court of Appeals,
District of Columbia Circuit.

March 9, 2010.

Katherine Mary Kelly, Roy W. McLeese, III, Esquire, Chrisellen Rebecca Kolb, Jeffrey Allen Taylor, U.S. Attorney's Office, Washington, DC, for Appellee.

Daniel Kevin Dorsey, Dorsey & Associates, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, and GINSBURG and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Troy Antoine Hopkins appeals his conviction for conspiracy to distribute one kilogram or more of phencyclidine, seeking to have his conviction reversed and his case remanded to the district court for a new trial. He contends that the district court erred when it denied him a continuance of his trial, and further that during closing argument the government made improper and inflammatory remarks constituting error that affected his substantial rights.

■ First, Hopkins sought the continuance of his trial in order to replace appointed counsel with retained counsel. As this court noted in *United States v. Burton*, 584 F.2d 485, 489 (D.C.Cir.1978), "the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." We also noted in *Burton* that when the continuance is sought to replace counsel, "the defendant's Sixth Amendment right to assistance of counsel is implicated. In such circumstances, the right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice." *Id.* Here, the record shows that the district court "carefully balanced" Hopkins' right to counsel against the negative impact a continuance would have on the court, the prosecution, the co-defendants (some of whom were in custody), their attorneys, and the witnesses. The court also found that Hopkins had competent appointed counsel and that Hopkins was responsible for his having relatively less time to prepare for trial than had his co-defendants because he chose to remain a fugitive for 10 months. We conclude that the district court did not abuse its discretion in denying Hopkins a continuance.

■ Second, the remarks made by the prosecutor during closing argument and complained of by Hopkins may indeed have been error. To reverse his conviction, however, we must determine whether the improper remarks were plainly erroneous because Hopkins did not object to the remarks at trial. *United States v. Gartmon*, 146 F.3d 1015, 1026 (D.C.Cir.1998). "In making that determination, the critical question is whether the error prejudiced defendant in a way that affected the outcome of the trial." *Id.* When assessing potential prejudice from an improper remark in a prosecutor's closing argument, this court looks to the centrality of the issue affected by the error, the closeness of the case, and the steps taken to mitigate the error. *Id.* Here, the remarks complained of were minor in light of the prosecutor's lengthy closing argument and none were central to the conspiracy case against Hopkins. Furthermore, the case was not

close as the evidence against Hopkins was substantial. Finally, and most importantly, the district court ensured that the prosecutor's remarks did not prejudice Hopkins by promptly directing the prosecutor to clarify his remarks, and by instructing the jury that its recollection of the evidence controls, that it must decide the case based on the evidence alone, and that the closing arguments of counsel are not evidence. In light of these facts the prosecutor's remarks, even if improper, were not plainly erroneous.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed. R.App. P. 41(b); D.C.Cir. R. 41.